**Terry Wayne JONES, Plaintiff–
Appellant**

v.

**Henry WHITEHORN; Mr. Mayfield;
Unknown Patrol Officer; Police De-
partment City of Shreveport, Defen-
dants–Appellees.**

No. 11–30342

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 2011.

Terry Wayne Jones, Lake Providence,
LA, pro se.

Before BENAVIDES, STEWART, and
CLEMENT, Circuit Judges.

PER CURIAM: *

Terry Wayne Jones, Louisiana prisoner
# 309459, has filed a motion for leave to
proceed in forma pauperis (IFP) on appeal
from the dismissal of his civil rights action.
Jones claimed that his Fourth Amendment
rights were violated when police officers
entered a residence without a warrant and
searched his person. Jones was arrested
following discovery of a handgun in his
pants, and he was subsequently convicted
of being a convicted felon illegally in pos-
session of a weapon.

The district court denied Jones's IFP
motion and certified that the appeal was
not taken in good faith based on its deter-
mination that Jones's claims were barred
under *Heck v. Humphrey*, 512 U.S. 477,
114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).
By moving for IFP status, Jones is chal-
lenging the district court's certification.
*See Baugh v. Taylor*, 117 F.3d 197, 202
(5th Cir.1997). This court's inquiry into
Jones's good faith "is limited to whether
the appeal involves 'legal points arguable
on their merits (and therefore not frivo-
lous).'" *Howard v. King*, 707 F.2d 215,
220 (5th Cir.1983) (citation omitted).

Jones contends that the district court
erred in applying *Heck* to bar his claims;
he also asserts that it was error to dismiss
his claims with prejudice as frivolous. He
argues generally that, given the indepen-
dent source and inevitable discovery doc-
trines, a Fourth Amendment violation does
not necessarily impugn the validity of a
conviction. However, Jones does not ex-
plain how such doctrines apply to the facts
of his case.

Jones has not shown that the district
court erred in determining that his claims
were barred by *Heck*. *See Hudson v.
Hughes*, 98 F.3d 868, 872–73 (5th Cir.
1996). He has also failed to show that the
district court erred in dismissing his *Heck*-
barred claims with prejudice as frivolous.
*See Boyd v. Biggers*, 31 F.3d 279, 283–84
(5th Cir.1994).

The instant appeal is without arguable
merit and is thus frivolous. Accordingly,
Jones's request for IFP status is denied,
and his appeal is dismissed as frivolous.
*See Howard*, 707 F.2d at 219–20; 5TH CIR.
R. 42.2.

The district court's dismissal of Jones's
complaint as frivolous and our dismissal of
this appeal as frivolous count as strikes
under 28 U.S.C. § 1915(g). *See Adepegba*

---

*v. Hammons,* 103 F.3d 383, 385–87 (5th Cir.1996). Jones is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.